Davis, J.,
delivered the opinion of the court:
This motion sets forth that the court has in its findings widely varied the statement of facts: 1st; from what was asked by the claimants; and, 2d, from what was anticipated by them *479 The counsel moves the court, in consequence, to And certain other facts, which the claimants think are shown by their evidence and which they deem material to have presented in connection with the facts which we have found, in order to a just presentation of the case for review in the appellate court.
It would be sufficient answer to this to say that the court should not grant the motion without the consent of the defendants.. The case has been tried in the manner prescribed by law and by the rules of the Supreme Court and of this court, judgment has been rendered, and rights have been acquired which the court can set aside only on motion in the regular way.
We see no' objection, however, to considering this as a motion in form for a new hearing, as it certainly is in effect, and in stating the reasons why it could not be granted as such.
The allegation that the facts as found vary from those requested by the claimants is quite true. If this is good cause for a rehearing, the defendants would have had like good cause if we had found the facts as the claimants asked. The requests of counsel aid the court, but they do not excuse it from an independent examination of the evidence, or from the duty of deducing the facts from original sources, and they certainly do not bind it to adopt the views of either side as' the results of the proof.
The learned counsel probably' does himself some injustice when he says, in the second place, that the facts as found vary widely from his anticipations. This case has been twice elaborately tried. At the second trial the court was assisted in its analysis of the facts by its Anding at the former trial and by the requests of counsel on both sides. It made its Anding on the points to which the motion refers partly by adopting the views (and almost the language) of the former Anding and partly by adopting a clause from the defendants’ requests. The learned counsel was therefore put upon his guard both by the action of the court at the former trial and by the defendants’ requests. If he desired us, in case of pursuing the course which we did pursue, to And still other facts which he deemed material, he should have called attention to them. A case should be tried when it is on trial, not after the rendition of judgment.
But although the counsel was clearly in fault in this respect,, we should not feel disposed to send his clients out of court with *480 out a remedy if we felt that they had received au injury. We said recently, in the motion for a new trial in Calhoun’s Case, and we repeat it, that although we cannot recognize the abstract right of a party to a new trial on the ground of mistake of fact, we shall always, when convinced of such a mistake, be ready to rectify it while we have control of the judgment. In the present case, if all the findings which the claimants ask now to have found had been incorporated in the findings of the court, it would have made no difference in the result, for the following reasons:
1. The motives which induced the claimants to disband their transportation at Wichita are unimportant, because the disbanding is found to have been their voluntary act. In estimating the amount for which judgment was rendered, they were allowed for the keeping of the outfit up to the time when it was disbanded. That is all they could claim under any circumstances.
2. The actual carrying capacity of one of their trains became unimportant when the court found, as it did find in the 11th finding, that the claimants had brought to Wichita full means for the performance of the transportation required by said contract.”
3. The per diem, cost of operating a train is a question that was virtually settled between the claimants and the defendants in the transactions which took place at the Treasury before the commencement of this suit.
Thus all the facts which the claimants on rehearing would try to incorporate into the findings, for the purpose of modifying or controlling some of the facts found, are shown to be either immaterial or inadmissible. Treating this as a motion for a new trial, we should be constrained to deny it.
Under the new rule, counsel are expected to suggest in their requests for findings all the facts which they regard as proved and as material. At the trial each has an opportunity not only to present arguments in support of his own theory, but also to combat the views of his opponent and to suggest further facts which he may deem material, either in consequence of the requests of his opponent or from developments made at the trial.
There the rights of counsel over the facts cease and the duties of the court begin. The court would not be true to itself if it did not express its diapprobation of proceedings like the present motion, and its expectation that counsel will exercise their *481 ingenuity and. learning at tbe trial, rather than after the entry of judgment, to assist us in reaching correct conclusions about disputed facts. The bar is more interested than the court in securing a uniform intelligent practice in these respects based upon a faithful adherence to rules.
The motion must be denied.
Drake, Oh. J., was absent when this case was heard and took no part in the decision.